# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

RAYMUNDO GUADALUPE
GONZALEZ SAUCEDA,

Petitioner,

vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

Respondents.

No. C26-117-LTS-MAR

**MEMORANDUM
OPINION AND ORDER**

## I.    INTRODUCTION

This case is before me on petitioner Raymundo Guadalupe Gonzalez Sauceda's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Gonzalez Sauceda is an alien being held in custody without a bond hearing while his removal proceedings are ongoing. *See* Doc. 1. He claims his detention violates the Immigration and Nationality Act (INA), bond regulations and his right to due process. In an initial review order (Doc. 6), I directed Respondents (collectively, the Government)[1] to respond to the petition, which they have done (Doc. 10). Gonzalez Sauceda has replied (Docs. 14, 15). Oral argument is not necessary. *See* Local Rule 7(c).

## II.    BACKGROUND

Gonzalez Sauceda is a Mexican national who entered the United States in 2015. Doc. 1 at ¶ 44. He was not encountered at the border and has not been admitted or paroled by an Immigration Officer. Doc. 13-1 at ¶¶ 12, 13. On March 9, 2026, Gonzalez

---

[1] Although the Government's reply was filed on behalf of the federal respondents and not the state employees (Doc. 9 at 1 n.1), this order applies to all respondents with equal force.

Sauceda was arrested for domestic abuse assault in Allamakee County, Iowa. He was released to Immigration and Customs Enforcement (ICE) custody on March 11, 2026, placed in removal proceedings and charged under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) under the INA. *Id*. at ¶¶ 14, 15. He remains detained in the Linn County Jail in Cedar Rapids, Iowa. *Id*. at ¶ 17. Gonzalez Sauceda notes that he has an approved I-130 Petition for Alien Relative, establishing that the Government has formally recognized the existence of a bona fide qualifying family relationship and his potential eligibility to obtain lawful permanent resident status.

### III. STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

### IV. ANALYSIS

Gonzalez Sauceda contends that his detention violates the INA, bond regulations and his due process rights and necessitates an individualized bond hearing. I disagree.

Starting with the statutory and regulatory landscape, Gonzalez Sauceda has never been admitted into the United States, so 8 U.S.C. § 1225(b)(2) compels his detention without bond. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). He does not make any other arguments as to how his detention violates the INA or bond regulations that were not addressed by *Avila*. *See* Doc. 1 at 11-12.

In light of this barrier, Gonzalez Sauceda challenges the constitutionality of his detention without bond. But in the immigration context, the political branches' powers are potent. *Mathews v. Diaz*, 426 U.S. 67, 80 (1976) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); *Dep't of State v. Muñoz*, 602 U.S. 899, 911 (2024) (field of immigration law is "an area unsuited to rigorous judicial

2

oversight"). This is not to say that Congress and the Executive are unrestrained by the Constitution, *Ping v. United States* (the Chinese Exclusion Case), 130 U.S. 581, 604 (1889); *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100 (1903), just that an alien challenging duly enacted statutory provisions faces an uphill battle.

Gonzalez Sauceda relies on the fact that he has an approved I-130 Petition for Alien Relative from September 20, 2022, but has not cited any authority as to how that petition affects the analysis. This petition does not grant lawful immigration status. *See Firstland Int'l, Inc. v. INS*, 377 F.3d 127, 132 n.6 (2d Cir. 2004) ("[The] approval of a . . . visa petition does not, by itself, entitle an alien to permanent resident status . . . ."). Thus, he remains an applicant for admission subject to detention under § 1225(b)(2). *See Pena v. Hyde*, No. 24-11983, 2025 WL 2108913, at *1-*2 (D. Mass. July 28, 2025).

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531; *accord Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *Carlson v. Landon*, 342 U.S. 524, 538 (1952); *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018). Gonzalez Sauceda offers nothing to suggest his case is distinguishable. Because Gonzalez Sauceda is subject to mandatory detention under § 1225(b)(2), his removal proceedings remain ongoing and precedent forecloses him from receiving an individualized bond hearing, his petition for habeas corpus must be denied.

## V.     *CONCLUSION*

For the reasons set forth herein, Raymundo Guadalupe Gonzalez Sauceda's petition (Doc. 1) for a writ of habeas corpus is **denied**.

**IT IS SO ORDERED** this 23rd day of June, 2026.

_____
Leonard T. Strand
United States District Judge

3